

Andrea K. George
10 North Post Street, Suite 700
Spokane, Washington 99201
509.624.7606
Attorney for Taqiuddin Ibn Khalid

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES, | No. 2:20-CR-152-WFN |
| | 2:17-CR-086-WFN |
| Plaintiff, | |
| v. | SENTENCING MEMORANDUM |
| TAQIUDDIN IBN KHALID, | |
| Defendant. | |

The parties entered into an 11(c)(1)(C) agreement to a range of 18 to 27 months on this case; and a concurrent sentence of up to 24 months in 2:17-cr-00086-WFN-1.  This sentence is reasonable based on litigation risk; and 18 U.S.C. §3553(a) factors.

**A. Litigation risk** (*United States v. Cervantes,* 703 F.3d 1135, 1142 (9th Cir. 2012).

Mr. Khalid, who has a suspended driver's license, was driving a car with a cracked windshield.  The officer saw the windshield and turned on his lights.  Mr. Kahlid observed the lights and pulled over in a safe place – a store's parking lot.  He legally parked the car in a designated parking stall.  The officer impounded the car and later obtained a search warrant.

An officer may impound an unlicensed driver's car as part of the community caretaking function but only if removal is necessary, that is it jeopardizes public safety and the efficient movement of vehicular traffic." *Miranda v. City of Cornelius*, 429 F.3d 858, 864 (9th Cir. 2005).  Here, removal was not necessary.  Mr. Khalid had lawfully parked the car and offered to have his validly licensed girlfriend pick it up.

If there are reasonable alternatives, the impounding and subsequent search are unreasonable and unlawful. *United States v. Cervantes,* 703 F.3d 1135, 1142 (9th Cir. 2012). "In *Caseres* (we found the inventory search to be unconstitutional – even though the driver was driving with a suspended license – because the government presented no evidence that the impoundment served any caretaking function." *Id.* (referring to *United States v. Caseres*, 533 F.3d 1064, 1074 (9th Cir. 2008). Any evidence discovered during the course of an unlawful search must be suppressed.

**B. Section 3553(a) factors**

Mr. Khalid has been before this Court several times since his 2017 case. The Court knows of the trauma he experienced as a young child, the facial scarring that left him battling with self-esteem issues. The Court knows his struggles with addiction, his attempts to stay clean; his successful efforts at treatment; his successful efforts obtaining employment. The Court has watched his supportive family sit through each court appearance. The Court knows about the love for his children and his active involvement fighting for them; caring for them.

The Guideline range is 27-33 months. The 11(c)(1)(C) range is 18-27 months. Mr. Khalid asks this Court to accept the 11(c)(1)(C) plea agreement.

Dated: July 20, 2021.

Federal Defenders of Eastern Washington & Idaho

*s/Andrea K. George*

Andrea K. George, MN 202125

10 North Post Street, Suite 700
Spokane, Washington 99201
t: (509) 624-7606
f: (509) 747-3539
Andrea_George@fd.org

## Service Certificate

I certify that on July 20, 2021, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System, which will notify Assistant United States Attorneys: Patrick J. Cashman.

*s/Andrea K. George*

Andrea K. George, MN 202125
10 North Post Street, Suite 700
Spokane, Washington 99201
t: (509) 624-7606
f: (509) 747-3539
Andrea_George@fd.org